[Crim. No. 13050. Fourth Dist., Div. One. Oct. 19, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES J. JONES, Defendant and Appellant.

COUNSEL

James E. Haney, under appointment by the Court of Appeal, and Weisenberg, Nelson, Viefhaus & Lutes for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WORK, J.**—James J. Jones appeals his consecutive sentences following plea-bargained convictions of assault with a deadly weapon (Pen. Code,

§ 245)[1] accompanied by a use allegation (§ 12022.5), kidnaping (§ 207) and taking a motor vehicle without permission (Veh. Code, § 10851). Specifically, Jones claims any imposition of sentence for the Vehicle Code violation is prohibited by section 654 since it is a nonviolent crime committed during one indivisible transaction with the other offenses, even though each crime involved a different and separate victim.

## FACTUAL BACKGROUND

After obtaining a ride in a car driven by victim Wetherill and in which victims Majers and Martina were riding, Jones threatened the three victims simultaneously with a sawed-off shotgun, forced Majers and Martina into the trunk of the vehicle and Wetherill to lie down on the back seat. Jones then drove the car to a location where he released the victims and drove off in the stolen car. On these facts, Jones was charged with deadly weapon assaults and with kidnaping, in various forms, on each victim, and with the single count of Vehicle Code auto theft from Wetherill.

Jones intentionally agreed to a structured plea bargain permitting the court an option to impose consecutive sentences, limited to a nine-year "top." Originally the bargain was for Jones to enter a plea to the assault count on Wetherill, the auto theft from Wetherill and the kidnaping of Majers. In a colloquy between the district attorney, defense counsel and Jones, the assault count involving victim Martina was consensually substituted for that involving Wetherill in order to avoid any potential section 654 problem regarding the assault and auto theft being related to an indivisible transaction involving a single victim. The plea bargain further eliminated all but one personal use enhancement and, at sentencing, the remaining single enhancement was not imposed. Jones was consecutively sentenced to seven years for the Majers kidnaping, one year for the Martina assault and eight months for the Wetherill auto theft. Jones contends section 654 bars separate punishment for the auto theft and that the court improperly used the factor of multiple victims in selecting consecutive sentences. (Cal. Rules of Court, rule 425(a)(4).)

## THE COURT PROPERLY APPLIED THE CRITERIA FOR CONSECUTIVE SENTENCES.

The court stated only one factor for its selecting consecutive rather than concurrent sentences: that the crimes involved multiple vic-

[1]All references are to the Penal Code unless otherwise specified.

tims. (Cal. Rules of Court, rule 425(a)(4).) Jones concedes his crimes involved multiple victims, but faults the court for considering that fact alone, claiming the rule must be construed to permit consecutive sentences only where multiple persons are victims of separate criminal acts. To construe the rule otherwise, Jones urges, would negate the multiple punishment prohibition of section 654. Section 654 provides: "[a]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

Jones attempts to equate the multiple victim factor of rule 425(a)(4) with the multiple victim of forceable crimes exception to section 654 which allows a person to be punished separately for each act of violence against separate victims even though inflicted during a single transaction. (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839].) This novel analogy is premised on Jones' interesting, but unfactual, assumption "the authors of . . . [rule 425] intended to be consistent with the concepts developed under PC [section] 654," so that the court should consider whether the multiple victims arose from a continuous criminal transaction or from separate criminal acts.

Even under Jones' analysis, consecutive sentences for the crimes of kidnaping and assault with a deadly weapon are justified by the holding in *Neal*. As to the nonviolent crime of auto theft, we simply point out rule 425 sets out various factors relevant to a court's decision to impose consecutive rather than concurrent sentences. Necessarily these factors do not come into play until section 654's prohibition against imposition of any sentence has been overcome. The only issues are whether the court properly utilized one or more of the criteria set forth and whether or not it manifestly abused its discretion. Here the criterion chosen is proper and there is no abuse of discretion.

### The Plea Bargain Precludes Application of Section 654

Factually, in a single transaction designed to steal a car, Jones feloniously assaulted and kidnaped three victims, and stole the car of one of them. The rule forbidding double punishment arising from crimes indivisibly related toward obtaining a single illicit goal, simplistically stated in section 654, has proven difficult to apply in the seemingly endless variety of sentencing contexts which arise. Although the facially unambiguous language of this section has remained unchanged for 109

years, proponents and opponents of its application can, and do, cite the same key decisions in support of opposing positions.

■ Section 654 will prohibit double punishment not only where there was "but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction" (*People v. Perez* (1979) 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63]), and indivisibility of separate acts to a single course of conduct depends on the intent and objective of the actor. (*Neal v. State of California, supra*, 55 Cal.2d 11, 20-21.) Here, Jones' acts were committed for the sole, and singularly successful, purpose of stealing Wetherill's car.

Ordinarily, multiple sentences imposed in contravention of section 654 impose punishment beyond the power of the court (*In re Wright* (1967) 65 Cal.2d 650, 655 [56 Cal.Rptr. 110, 422 P.2d 998]; *People v. Isenor* (1971) 17 Cal.App.3d 324, 336 [94 Cal.Rptr. 746].) However, the protection afforded by that section is to prevent harrassment of a defendant by cumulative sentencing not commensurate to actual culpability. Thus, in *People v. Bauer* (1969) 1 Cal.3d 368 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398], sentences for both a robbery of personal effects and for auto theft from a single victim during a continuous transaction, was condemned since only a single robbery occurred, although it involved the taking of separate types of property, and facially violated more than one penal statute. So also a defendant's greater culpability where multiple persons are victims of a single violent act precludes application of section 654, and a defendant may be separately sentenced for as many crimes as there are victims. (*Neal v. State of California, supra*, 55 Cal.2d 11, 20.) Whether an amalgamation of property and violent crimes on separate victims of a single transaction triggers section 654 is not clear, but need not be decided here.

■ Before Jones entered his negotiated plea he stood charged with crimes which, under section 654, would have permitted his being sentenced separately, and consecutively for three kidnapings for the purpose of robbery (§ 209, subd. (b)), a crime mandating life imprisonment with possibility of parole. Jones undoubtedly realized he faced three inevitable convictions for some form of kidnaping as well as three convictions of felonious assault, in addition to personal uses of a firearm. Even consecutive convictions for simple kidnaping (§ 207) could have resulted in an aggregate term of ten years, four months plus one year for the gun use. Therefore, Jones received a considerable advan-

tage by his bargain; it was expressly predicated on the court retaining an option to sentence consecutively; the sentence imposed was commensurate with Jones' culpability, in accordance with the agreement and well below the maximum term he strategically avoided. Having gained the benefits of his bargain, Jones may not avoid its contemplated burdens. (*In re Troglin* (1975) 51 Cal.App.3d 434, 438-439 [124 Cal.Rptr. 234].)

Affirmed.

Staniforth, Acting P. J., and Wiener, J., concurred.