143 Cal.App.3d 742 (1983)
192 Cal. Rptr. 101
THE PEOPLE, Plaintiff and Respondent,
v.
LARRY D. COLLINS, Defendant and Appellant.
Docket No. 15125.
Court of Appeals of California, Fourth District, Division One.
June 8, 1983.
*743 COUNSEL
Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Handy Horiye, Deputy State Public Defender, for Defendant and Appellant.
John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, A. Wells Petersen, Steven V. Adler, John W. Carney and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
WIENER, J.
Larry D. Collins appeals the sentence in the judgment of conviction entered on his plea of guilty. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 31(d).)[1] We conclude the Sentencing Rules for the Superior Courts (rule 403 et seq., adopted by the Judicial Council eff. July 1, 1977) apply to *744 sentences for sex offense convictions under section 667.6. We hold the court here failed to give adequate reasons for imposing consecutive sentences for those offenses and therefore remand for resentencing.

I
During a two to three hour period Collins and another man committed numerous forcible sex offenses against Sharon C. Collins was charged with six counts of rape in concert (§§ 261, subd. (2), 264.1), six counts of oral copulation in concert (§ 288a, subd. (d)), one count of sodomy in concert (§ 286, subd. (d)) and one count of robbery (§ 211). Knife use allegations accompanied each count (§§ 12022, subd. (b), 12022.3, subd. (a)).
Collins pleaded guilty to one count of rape in concert with use of a knife and one count of oral copulation in concert in exchange for a dismissal of the remaining counts. The court sentenced Collins to twenty-one years: the upper term of nine years for the rape in concert, plus three years for the knife use and a full consecutive nine-year upper term for the oral copulation in concert. The court characterized the rape in concert as the principal term.[2] After weighing circumstances in mitigation against those in aggravation, the court selected the upper term for both counts. The court relied for both upper terms on rule 421(a)(1), the crimes involved great violence and a high degree of cruelty, viciousness and callousness; rule 421(a)(3), the victim was vulnerable; and rule 421(a)(8), the crimes showed planning and premeditation. In addition, the court imposed a consecutive sentence for Collins' conviction of oral copulation in concert under section 667.6, subdivision (d) because "the acts committed on the victim took place at different occasions."[3] Alternatively, the court imposed a consecutive sentence under section 667.6, subdivision (c) because "... in looking at all of the circumstances that have been produced in this case by way of probation reports, reports and the words from the defendants' own mouths, the court feels that the consecutive situation is the proper avenue."

*745 II
Collins contends the court made three sentencing errors. First, it improperly used the same facts to impose the upper term for the full consecutive term and to aggravate the base term. Second, the court failed to state adequate reasons for imposing a consecutive sentence for Collins' conviction of oral copulation in concert. Third, section 1170.1, subdivision (a) requires one-third of the midterm for the latter count, rather than a full consecutive sentence under either section 667.6, subdivision (c) or (d).
The Attorney General responds by invoking what has become a recurring theme. He argues the sentencing procedure for forcible sex offenses under section 667.6 reflects an independent and distinct sentencing scheme free from the limitations of section 1170.1 and thus the sentencing rules simply do not apply to convictions for those offenses.[4]
The starting point for our analysis must be the text of the statutes and the sentencing rules examined in light of the intent of the Legislature so our interpretation will effectuate the purpose of the law. (People v. Caudillo (1978) 21 Cal.3d 562, 576 [146 Cal. Rptr. 859, 580 P.2d 274].) (1) When we examine language in penal statutes which is reasonably susceptible of two constructions, we must adopt that construction which is more favorable to the offender. "`The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute.'" (People v. Davis (1981) 29 Cal.3d 814, 828 [176 Cal. Rptr. 521, 633 P.2d 186] quoting In re Tartar (1959) 52 Cal.2d 250, 256-257 [339 P.2d 553].)
When the Legislature decided a system of determinate sentences was preferable to indeterminate sentences (Stats. 1976, ch. 1139, § 273, p. 5140), it directed the Judicial Council to "promote uniformity" in sentencing by adopting rules providing criteria to assist trial judges in either granting or denying probation, in selecting appropriate prison terms and in deciding how such terms should be served. (§ 1170.3, subds. (a)(1)-(a)(5).) The sentencing rules adopted apply to all criminal cases in superior courts where the defendant is convicted of one or more offenses punishable as a felony by a determinate sentence under sections 1170 through 1170.8. (Rule 403.) Section 1170.1, subdivision (a) defines the *746 aggregate term of imprisonment for all such felony convictions as "... the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1." (Italics supplied.) (2) Thus, regardless of whether a section 667.6 offense may be selected as the principal term (see fn. 2, ante), it is in any event an "additional term" under section 1170.1, subdivision (a) and therefore within the express purview of rule 403. Admittedly, subdivisions (c) and (d) of section 667.6 add a confusing element because each section states the term for a forcible sex offense "shall not be included in any determination pursuant to Section 1170.1." (See also People v. Anders, supra, 142 Cal. App.3d 574.) But, as we have explained earlier, where there are ambiguities in a penal statute which may possibly work to the benefit of a defendant, we must interpret the legislation in favor of the defendant. When the sentencing rules are properly used the likelihood the sentencing judge will impose a sentence tied to emotional rather than objective considerations is reduced. Theoretically, where a trial court must first ponder and state specific reasons for imposing a particular sentence, a fairer, more uniform sentence designed to fit the punishment to the crime and the perpetrator results. Accordingly, because these conceptual benefits potentially favor a defendant, we interpret the sentencing rules as applying to section 667.6 offenses.
Other references in the statutes and the sentencing rules also indicate forcible sex offenses and related enhancements are to be included in the determinate sentencing procedure under sections 1170 and 1170.1. (See §§ 669, 1170, subd. (b), 1170.1, subds. (a), (d), (f)-(i); rules 405(e), 445, 447, 23, pt. 1 West's Ann. Code, advisory com., pp. 700-701.) We also cannot overlook the fact that here the court intended to apply the sentencing rules and other courts uniformly have applied those rules to sex offense sentencing under section 667.6. (See, e.g., People v. Fleming (1983) 140 Cal. App.3d 540, 545-546 [189 Cal. Rptr. 619]; People v. Thompson (1982) 138 Cal. App.3d 123, 126-127 [187 Cal. Rptr. 612]; People v. Masten (1982) 137 Cal. App.3d 579, 591-593 [187 Cal. Rptr. 515]; People v. Wilson (1982) 135 Cal. App.3d 343, 351-359 [185 Cal. Rptr. 498]; People v. Karsai (1982) 131 Cal. App.3d 224, 237-240 [182 Cal. Rptr. 406].)
The court's imposition of a consecutive sentence for Collins' conviction of oral copulation in concert was not mandated under section 667.6, subdivision (d). As heinous as Collins' behavior was, there was an insufficient lapse of time between each of his specific acts to treat those acts as having occurred on separate occasions. (People v. Fleming, supra, 140 Cal. App.3d at pp. 545-546; People v. Thompson, supra, 138 Cal. App.3d at pp. 126-127.)
A consecutive sentence under section 667.6, subdivision (c) is a sentence choice which must be supported by reasons stated on the record. (§ 1170, subd. (c); rules 405(f), 433(c)(3) and (c)(5), 443; People v. Fleming, supra, 140 *747 Cal. App.3d at p. 545; People v. Masten, supra, 137 Cal. App.3d at p. 593.)[5] Such reasons should be stated using the criteria of rule 425. (People v. Masten, supra, 137 Cal. App.3d at p. 591; People v. Wilson, supra, 135 Cal. App.3d at pp. 353-354; People v. Karsai, supra, 131 Cal. App.3d at p. 238.) Here the lower court's general comments which seem to include the same reasons for imposing the consecutive sentence as it had used earlier to aggravate each of the terms are inadequate. (See rule 441(c).)

Disposition
Remanded for resentencing.[6]
Brown (Gerald), P.J., and Work, J., concurred.
Respondent's petition for a hearing by the Supreme Court was denied August 18, 1983.
NOTES
[1] All statutory references are to the Penal Code; all rule references are to the California Rules of Court.
[2] In the context of this case, it is unnecessary to address the question whether a section 667.6 offense may be selected as a principal term under section 1170.1, subdivision (a). (See People v. Anders (1983) (Cal. App.)[*] Our use of the word "principal" or "base" to describe the term imposed for Collins' conviction of rape in concert is solely to conform this opinion with the trial court's label reflected in the reporter's transcript and the abstract of judgment.
[3] Section 667.6, subdivision (d), in pertinent part, provides: "A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1 ... or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm if such crimes involve separate victims or involve the same victim on separate occasions. [¶] Such term shall be served consecutively to any other term of imprisonment.... Such term shall not be included in any determination pursuant to Section 1170.1...." (Italics supplied.)

[*] Reporter's Note: By order dated July 27, 1983, the Supreme Court directed that this opinion not be published in the Official Reports.
[4] The People rely for this proposition on People v. Ottombrino (1982) 127 Cal. App.3d 574 [179 Cal. Rptr. 676]. Although the correctness of Ottombrino is irrelevant to the resolution of the case before us, we note the Supreme Court has granted hearings in People v. Belmontes[*] and People v. Reeder[] and has asked counsel to discuss whether Ottombrino should be followed.

[*] Reporter's Note: For Supreme Court opinion, see 34 Cal.3d 335 (193 Cal. Rptr. 882, 667 P.2d 686).
[] Reporter's Note: For Court of Appeal opinion (on retransfer of cause for reconsideration in light of People v. Belmontes, supra, 34 Cal.3d 335), see 152 Cal. App.3d 900 (193 Cal. Rptr. 882).
[5] Courts have disagreed whether a consecutive sentence under section 667.6, subdivision (c) involves one sentence choice or two. (Cf. People v. Karsai, supra, 131 Cal. App.3d at p. 238 with People v. Wilson, supra, 135 Cal. App.3d at pp. 351-353.) The resolution of this issue, pending before the Supreme Court in People v. Reeder, supra, will not change our decision here.
[6] Because of this disposition, we do not address Collins' first and third contentions which the Supreme Court is considering in People v. Reeder, supra, and People v. Belmontes, supra.