[Crim. No. 6120. Fifth Dist. Feb. 6, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
DELBERT WAYNE HOWELL, JR., Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Parts II and IV through VI are not published, as they do not meet the standards for publication contained in rule 976(b), of California Rules of Court.

## Counsel

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Lisa Short and Gregory J. Roussere, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp and George Deukmejian, Attorneys General, Daniel J. Kremer and Robert H. Philibosian, Chief Assistant Attorneys General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher, Margaret Elaine Garnand and Roger Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**ANDREEN, J.**—After having pleaded guilty to a violation of Penal Code[2] section 288a, subdivision (c), forcible oral copulation, and to a violation of section 211, robbery, with the admission that he personally used a deadly weapon—a knife—in violation of section 12022, subdivision (b), as to both offenses,[3] the 17-year-old defendant, Delbert Wayne Howell, Jr., was referred to the California Youth Authority for a diagnostic study. (Welf. & Inst. Code, § 707.2.) Upon return, the defendant made an oral request that the court adjourn the proceedings and determine whether he was a mentally disordered sex offender (MDSO) within the meaning of section 6302 of the Welfare and Institutions Code. The court denied the motion and sentenced

---

[2]All section references are to the Penal Code unless otherwise specified.

[3]The record contains no intimation as to why the district attorney did not charge section 12022.3 as to the section 288a offense.

defendant to prison for the upper term for count IV, the robbery, five years, plus a one-year enhancement for the use of a knife. The court then sentenced Howell to the upper term for count III, the oral copulation, eight years, plus a one-year enhancement for the use of a knife. The court ordered count III to run consecutive to count IV for a total of 15 years.

On appeal he contends that the court should have initiated MDSO proceedings, and asserts various challenges to the application of section 667.6, a section imposing harsher sentences for sexual assaults.

## I. FACTS

The salient facts are not in issue on appeal and consequently may be briefly summarized.

On June 3, 1981, defendant Howell grabbed 17-year-old Angie S. as she was walking home from swimming. He put a knife to her throat and while threatening her pulled her into a warehouse. Howell then took her purse and dumped it on the ground. After discovering that she did not have any money in her purse, Howell forced Angie to orally copulate him.

Howell then attempted to pull the shirt off of Angie and reached into her shorts. He then threatened an act of sexual intercourse. Angie talked him out of it. Howell became nervous and slapped Angie twice. Howell then tied Angie up with the shoe strings from her shoes. Howell left and she freed herself shortly thereafter.

The following day Cathleen S., while getting out of her car, turned around and was greeted by Howell who had a knife in his hand. He said, "Move over bitch." Cathleen began to struggle and was cut several times. Howell threatened her life during the struggle. Howell yanked Cathleen's purse from her shoulder and fled. She was treated at the hospital and released in four hours.

## II. MDSO PROCEEDINGS[4]

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## III. APPLICABILITY OF SECTION 667.6 TO SINGLE SEXUAL ASSAULTS

As a part of an extensive legislative revision of sex crimes enacted in section 10, chapter 944 of Statutes 1979, section 667.6 was added to the

---

[4]See footnote 1, *ante*.

Penal Code. Subdivision (c) of that section provides for a harsher sentence than section 1170.1, which provides the general sentencing scheme for multiple convictions. The new section 667.6, subdivision (c) provides the alternative of "a full, separate, and consecutive term" for certain sex offenses, "whether or not the crimes were committed during a single transaction." On the other hand, section 1170.1 provides for subordinate terms of one-third of the middle term of imprisonment where there are multiple crimes to be served consecutively.

Defendant contends that there is some ambiguity in the 1979 statute's language as to whether it applies solely to multiple sex offenses or also to a situation where the defendant is convicted of a nonsex offense and a *single* sex offense. Reliance is placed on the rule that upon examining a penal statute if it is found to be reasonably susceptible to two constructions, the court must adopt the construction which is more favorable to the defendant and interpret the legislation in favor of the defendant. (*People* v. *Collins* (1983) 143 Cal.App.3d 742, 745-746 [192 Cal.Rptr. 101].)

Section 667.6, subdivision (c) provides: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for *each* violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm whether or not the *crimes* were committed during a single transaction. If such *term* is imposed consecutively pursuant to this subdivision, it shall be served consecutively to *any other term* of imprisonment, and shall commence from the time such person would otherwise have been released from imprisonment. Such term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to such term shall not be merged therein but shall commence at the time such person would otherwise have been released from prison." (Italics added.)

The argument is made that since the statute provides for a full, separate and consecutive term for "*each* violation [of each listed sex offense] . . . whether or not the crimes were committed during a single transaction," (italics added) it is ambiguous on the question of whether it allows such a term for a defendant who committed a single sex offense with a nonsex offense. Simply because the Legislature drafted the various provisions of the statute with multiple sex convictions as a possible circumstance, and worded them accordingly, does not mean that application of the statute to a single sex conviction is precluded. The plain import of the language of section 667.6, subdivision (c) is that a full, consecutive sentence may be imposed for "each violation" of the enumerated crimes, including one vi-

olation thereof. "[F]or each violation" should not be understood to read "[F]or each violation [*of multiple violations*]." Had the Legislature intended that result, it could have said so in a direct manner.

The language "whether or not the crime*s* were committed during a single transaction" (italics added) was selected because section 667.6 has *no* application unless there are at least two crime*s*: a consecutive sentence may not be imposed unless there is first an initial sentence to be consecutive to. In this instance, the violent sex offense is consecutive, pursuant to the terms of section 667.6, subdivision (c), to the nonsex offense.

The legislative intent is exemplified in the next sentence of the statute which reads, "If such *term* is imposed consecutively pursuant to this subdivision, it shall be served consecutively to *any* other term of imprisonment . . . ." (Italics added.) We note that the word "term" is in the singular. Likewise, the language "any other term of imprisonment" is a clear indication that the sex offense may be ordered to be served after a nonsex offense.

Although the section is no model of draftsmanship, it cannot be said that it is ambiguous.

Our primary purpose is the ascertainment of legislative intent. ■ "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.]" (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

■ The evident purpose of the legislation which enacted section 667.6 was to increase the criminal penalties for commission of the specified violent sex offenses. It is neither logical nor reasonable to infer, especially given the wording of the statute, that the Legislature intended only that *multiple* violent sex offenses be subject to the increased punishment. In the same legislation, the penalties for using a weapon in violent sex crimes were increased (§ 12022.3) and the enhancements for violent sex crimes were made unlimited (former § 1170.1, subd. (h), now subd. (i)), neither being applicable only to multiple violent sex offenses. (Stats. 1979, ch. 944, §§ 12, 17, pp. 3259-3261, 3263.)

We conclude that in appropriate circumstances, section 667.6, subdivision (c) is a sentencing option available to courts when the defendant has committed multiple offenses, a single one of which is a violation of a sex offense (listed in § 667.6, subd. (c)).

## IV. A Full Consecutive Term Imposed Pursuant to Section 667.6, Subdivision (c) Is Not an "Enhancement" Which Must Be Pleaded and Proven[6]

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## V. Sentencing Under Section 667.6, Subdivision (c)[7]

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## VI. Is There an Absence of Uniform Criteria to Guide the Trial Court in Exercising Its Discretion to Impose Full Consecutive Terms Under Section 667.6, Subdivision (c)[8]?

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## VII. The Imposition of a Full Term for the Forcible Oral Copulation Consecutive to the Full Term for the Robbery Does Not Violate Equal Protection

Howell contends that he is being deprived of equal protection of the law because by sentencing him for the oral copulation under section 667.6, subdivision (c) his robbery sentence is much longer than if the oral copulation and robbery had both been sentenced under section 1170.1. This is because the oral copulation which has a longer sentence would have been the base term and the robbery would be a consecutive subordinate term. The robbery would thus be punishable by one-third the middle term of robbery. (One-third of three years.)

Howell has taken a new twist on the equal protection argument which has been unsuccessfully asserted in cases where a defendant was sentenced under section 667.6, subdivision (c). The argument made in the other cases was that since a defendant in an appropriate case can be sentenced under either section 667.6, subdivision (c) or section 1170.1 defendants identically situated and convicted of identical crimes might receive disparate sentencing. This argument has been rejected. (*People* v. *Masten* (1982) 137 Cal.App.3d 579, 592 [187 Cal.Rptr. 515].)

---

[6]See footnote 1, *ante*.

[7]See footnote 1, *ante*.

[8]See footnote 1, *ante*.

Howell is not asserting that the oral copulation sentence is violative of equal protection but that not using the robbery as the subordinate term is violative of equal protection. Howell asserts that a person convicted of a robbery and a nonsex offense which carries a higher term than the robbery is identically situated to a defendant convicted of a robbery and a section 667.6 offense which carries a higher term than the robbery. Although the defendants are "identically situated" the latter defendant is sentenced to a greater number of years for the robbery. Howell claims that this distinction lacks any nexus to the Legislature's intent to punish violent sex offenders fully.

Although Howell's argument is innovative it will not carry the day. The defendants described above are not similarly situated because one has committed a violent sex offense and the other has not. Howell has not received a sentence for his robbery conviction that is any greater than that allowed by law. He has been treated within the confines of the limits of sentencing for a robbery conviction. His punishment is longer because he has committed a violent sex offense. ■ Violent sex offenses differ from other types of offenses in many ways and compel different treatment. Violent sex offenders are not similarly situated with other offenders and may be treated differently. (*People* v. *Karsai* (1982) 131 Cal.App.3d 224, 244 [182 Cal.Rptr. 406].) ■ It is fundamental that trial courts possess discretion to impose a sentence proportionate to the seriousness of the offense. (*People* v. *Masten, supra,* 137 Cal.App.3d 579, 592.)

■ Howell's sentence for a violent sex offense cannot be compared to other sentences which do not include a violent sex offense. We hold that imposition of a full term under section 667.6, subdivision (c) for the forcible oral copulation consecutive to the robbery term does not violate equal protection.

### VIII. CONCLUSION

The judgment is affirmed. We remand for resentencing.

Gallagher, J.*, concurred.

**HANSON (P. D.), Acting P. J.**—I respectfully dissent.

I disagree with the majority's explanation of the terms of Penal Code section 667.6, subdivision (c), and find the explanation neither simple nor reasonable.

---

• *Assigned by the Chairperson of the Judicial Council.

Section 667.6, subdivision (c), is not mandatory, but is discretionary. (*People* v. *Belmontes* (1983) 34 Cal.3d 335, 345 [193 Cal.Rptr. 882, 667 P.2d 686].) In light of the other subdivisions of the section, (a), (b) and (d), which are mandatory and punish only those persons who have committed one of the enumerated sex crimes more than once, subdivision (c) is ambiguous as to whether it applies to multiple sex offenses or only a single sex offense coupled with a nonsex offense.

When interpreting a particular subdivision of a statute, one must look at the statute as a whole to try to glean from it the true legislative intent. (*People* v. *Moroney* (1944) 24 Cal.2d 638, 642 [150 P.2d 888].)

When subdivision (c) is read in combination with subdivision (d), the phrase in subdivision (c) "whether or not the crimes were committed during a single transaction" takes on a special meaning. Subdivision (d) requires a harsher sentencing if there were separate victims or the same victim on separate occasions. Subdivision (c) seems to contemplate the situation where one person has been victimized by several sex crimes during one transaction or occasion. If this is not what the Legislature intended, then subdivisions (c) and (d) overlap, and the language in subdivision (c) becomes surplusage. When interpreting a statute, the court should avoid a construction which renders any part of the statute "surplusage." (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].)

Since subdivision (c) is discretionary, it seems that the Legislature must have viewed multiple violations of one victim at one time to be not as serious as violations upon more than one victim or multiple violations on the same victim on separate occasions.

We note the language of subdivision (c) in the sentence, "If *such* term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to *any* other term of imprisonment, and shall commence from the time such person would otherwise have been released from imprisonment." (Italics added.) When read independently from the rest of subdivision (c) and the rest of section 667.6, this sentence seems to indicate the Legislature spoke in the singular and allowed the imposition of a full term for a single sex offense consecutive to a nonsex crime.

On the contrary, subdivision (d) uses almost the same language: "*Such* term shall be served consecutively to *any* other term of imprisonment, and shall commence from the time such person would otherwise have been released from imprisonment." (Italics added.) While subdivision (d) speaks only to multiple sex crimes, again the language is singular. It therefore

seems that the sentence in subdivision (c) is merely clarifying the nature of the term's length.

An argument can be made that section 667.6, subdivision (c), does not apply to multiple offenses when only *one* of the offenses is a sex crime enumerated in section 667.6. (See dicta in *People* v. *Waite* (1983) 146 Cal.App.3d 585, 590-591 [194 Cal.Rptr. 245]; *People* v. *Masten* (1982) 137 Cal.App.3d 579, 592 [187 Cal.Rptr. 515].) However, it seems undeniable that the language of the subdivision at best is ambiguous. Settled rules of statutory construction require that we resolve the ambiguity in favor of appellant. (*People* v. *Belmontes, supra,* 34 Cal.3d 335, 345.) I would not apply section 667.6, subdivision (c).

Appellant's petition for a hearing by the Supreme Court was denied May 17, 1984. Reynoso, J., was of the opinion that the petition should be granted.