Filed 1/22/15  P. v. Neal CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B255913 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. NA008003) |
| FREDDIE NEAL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Freddie Neal, appeals from the trial court's order denying his motion to recall and reduce his sentence. (Pen. Code, § 1237, subd. (b).)**[1]** We affirm the order.

## BACKGROUND

On March 20, 1992, the trial court sentenced Neal to 185 years to life in state prison following his conviction of 31 serious and violent crimes, including seven robberies (§ 211), an assault with the intent to commit mayhem, rape, sodomy, oral copulation or another specified offense during the commission of a first degree burglary (§ 220), four burglaries (§ 459), nine forcible rapes or penetrations of genital or anal openings by foreign objects while acting in concert (§ 264.1) and two acts of forcible oral copulation while acting in concert (§ 288a, subd. (d)). On January 29, 2014, Neal filed a motion in the trial court to have his sentence recalled. He requested the trial court to resentence him to a term of 36 years to life.

Following a hearing held on March 13, 2014, the trial court stated in its minute order: "On March 20, 1992, the court sentenced [Neal] to 185 years to life in state prison. [Neal] requests that this court recall the sentence and run numerous counts concurrent instead of consecutive, which would result in a sentence of 36 years to life. [Neal] takes responsibility for his crimes and begs the court to consider his conduct while in custody and numerous letters of support from family members." After considering Neal's petition, the trial court "respectfully denied" it.

On April 16, 2014, Neal filed a timely notice of appeal from the trial court's order.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

---

**[1]** All further statutory references are to the Penal Code unless otherwise indicated. Section 1237, subdivision (b) allows for an appeal from "any order made after judgment affecting the substantial rights of the party."

By notice filed September 23, 2014, the clerk of this court advised Neal to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. After being granted an extension within which to file it, on November 6, 2014 Neal filed a "letter brief" in which he cites section 4801, subdivision (c), then asserts the trial court should have given greater weight to the diminished culpability of his youth when it imposed his sentence. However, section 4801, subdivision (c) applies to an application for a grant of parole by a juvenile offender.[2] Neal, who is seeking a reduction of his sentence so that he might one day be eligible for parole, was a 19-year-old adult when he committed his crimes.

In addition to section 4801, subdivision (c), Neal cites *Miller v. Alabama* (2012) ___U.S.___ [132 S.Ct. 2455] and *Graham v. Florida* (2010) 560 U.S. 48 for the proposition that, although he was 19 at the time the crimes were committed, he was nevertheless a youthful offender and should have been treated as such. He asserts, while he was technically an adult, his young age made him less culpable and "more capable of change" than a more mature offender. (*Graham v. Florida, supra*, at pp. 67-68, 72-73.) Neal states, although he was 19, his level of development was virtually indistinguishable from that of a 17 year old and he should have been treated accordingly. That, however, is not the law. A "youth[ful] offender" is one who is "under 18 years of age at the time of his or her controlling offense" or offenses (§ 3051, subd. (a)(1)).

Neal indicates he is willing to accept full responsibility for the crimes he committed and has made great efforts at rehabilitating himself. He has not been disciplined for over 11 years. He asserts he has taken advantage of educational and vocational programs to develop into a valuable member of society and should be given that opportunity. In addition, he has attached to his petition a number of supportive

---

**2** Subdivision (c) of section 4801 provides: "When a prisoner committed his or her controlling offense, as defined in subdivision (a) of [s]ection 3051, prior to attaining 18 years of age, the board, in reviewing a prisoner's suitability for parole pursuant to [s]ection 3041.5, shall give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."

letters from friends and family as well as letters he wrote to the victims of his crimes apologizing for his conduct.

"It is well established that a trial court has discretion to determine whether . . . sentences are to run concurrently or consecutively. (Pen. Code, § 669[, subd. (a)]; [citation].) It is also the rule that appellate courts do not have the power to modify a sentence or reduce the punishment therein imposed absent error in the proceedings. [Citation.] Moreover, such error cannot be predicated on a trial court's determination that several sentences are to run consecutively unless an abuse of discretion is clearly shown. [Citations.] [¶] The concept of judicial discretion is difficult to define with precision. In the past we have described it as 'the sound judgment of the court, to be exercised according to the rules of law.' [Citation.] More recently we have said (quoting from another case) that the term judicial discretion 'implies absence of arbitrary determination, capricious disposition or whimsical thinking.' [Citation.] Moreover, discretion is abused whenever the court exceeds the bounds of reason, all of the circumstances being considered. [Citations.] However, in the absence of a clear showing that its sentencing decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate sentencing objectives and, accordingly, its discretionary determination to impose consecutive sentences ought not be set aside on review." (*People v. Giminez* (1975) 14 Cal.3d 68, 71-72.)

Here, Neal did not participate in only one incident involving abhorrent behavior. Although he was only 19 years old, he committed 31 separate crimes, all of which were violent, some extremely so (see § 667.5, subd. (c)), all of which were serious (see § 1192.7, subd. (c)) and some of which were committed in concert with others. Under these circumstances, it cannot be said the trial court acted arbitrarily or irrationally when it imposed consecutive sentences. (See Cal. Rules of Court, rules 4.425, 4.426; see, e.g., *People v. Jones* (1981) 124 Cal.App.3d 749, 753.)

4

**REVIEW ON APPEAL**

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

KITCHING, J.

ALDRICH, J.

5