[Crim. No. 13784. Fourth Dist., Div. One. Aug. 15, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH N. WALKER, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Paul Bell, Deputy State Public Defender, and F. David Stevenson for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steven V. Adler and Luis R. Vargas, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WIENER, J.**—Joseph N. Walker appeals the judgment entered on jury verdicts convicting him on single counts of rape (Pen. Code, § 261, subd. (2)),[1] sodomy (§ 286, subd. (c)), oral copulation (§ 288a, subd. (c)) and false imprisonment (§§ 236, 237). Walker was acquitted on two other counts of oral copulation and rape. The court imposed a twenty-four-year sentence, consisting of three consecutive eight-year upper terms for the rape, sodomy and oral copulation and a two-year concurrent sentence for false imprisonment. We affirm the judgment of conviction and remand for resentencing.

I

Myrna G. worked at National Pen Company where Walker was the director of security. Shortly after midnight, Ms. G. left her work station at Walker's request and went to his office. There, after engaging in consensual oral copulation Walker raped Ms. G. After dressing, she was unable to

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

unlock the door to leave the office. Walker then ordered her to take off her clothes and sodomized her. Still in fear Ms. G. also submitted to Walker's demand that she orally copulate him.

Walker drove Ms. G. back to the building where she worked. She asked the guard to call the police.

Walker testified Ms. G. had offered to meet him after work to straighten matters out in reference to a complaint by a coworker. He said she left her work station and at his office freely and voluntarily engaged in "regular," oral and anal sexual acts.

## II

Unlike many cases where the jury accepts an all-or-nothing version of the events, the jury here rejected Ms. G.'s testimony in two material ways. The jury found the first act of oral copulation was consensual and the second act of vaginal intercourse did not occur.[2] After the verdicts were received, at the request of both court and counsel, the foreman was asked about the perceived inconsistency of the verdicts. The foreman said: "There were a couple members of the jury who knew something about the logic of the Philippine mind, and they felt Filipinos value their jobs very highly. And if she thought through an act of oral copulation she could get back to her job, and get home, and back to her family, she would be willing to [orally copulate Walker]. So therefore we voted not guilty."

Walker does not challenge the sufficiency of the evidence to support the judgment, but labels the guilty verdicts as arising from the jurors' misconduct in which it considered out-of-court evidence and created facts and conclusions from the "thinnest of air." (§ 1181, subds. 2 and 3.) Walker's contention, however, overlooks the process through which a jury verdict may be impeached. (See Evid. Code, § 1150; *People* v. *Romero* (1982) 31 Cal.3d 685 [183 Cal.Rptr. 663, 646 P.2d 824].) A verdict may not be discredited by extrapolating solely from the unsworn hearsay statements of a single juror. There is no factual basis to support Walker's argument the jury failed to properly follow the court's instructions or the jury considered out-of-court evidence. Moreover, even if the communicated thoughts from the couple of jurors here are characterized as misconduct, Walker suffered no prejudice. The alleged misconduct inured to his benefit by impugning the credibility of the victim, resulting in an acquittal on one count of oral copulation. The trial court correctly denied Walker's new trial mo-

---

[2]Ms. G. testified a second act of vaginal intercourse occurred after the second act of oral copulation.

tion. (See *People* v. *Sutter* (1982) 134 Cal.App.3d 806, 821 [184 Cal.Rptr. 829].)

### III

■ Walker appreciates section 954[3] permits inconsistent verdicts where the record discloses sufficient evidence to support the guilty verdicts. (*People* v. *Lopez* (1982) 131 Cal.App.3d 565, 569-571 [182 Cal.Rptr. 563].) Nonetheless, he argues section 954 does not apply because (1) the force or fear element of the oral copulation of which he was acquitted is identical to that of the three sex crimes of which he was convicted, and (2) proof of the oral copulation of which he was acquitted is necessary to sustain his sex crime convictions. (See *People* v. *Hamilton* (1978) 80 Cal.App.3d 124, 130 [145 Cal.Rptr. 429].) Walker's argument overlooks the fact his charged offenses consisted of separate and distinct acts. Acquittal of one does not require reversal of the convictions for the others. (*People* v. *Ranney* (1932) 123 Cal.App. 403, 406-407 [11 P.2d 405].)

### IV

### A

■ Walker presents several challenges to his sentence. He argues the court made dual use of the fact he allowed Ms. G. to dress after the rape and then ordered her to undress for the sodomy. The transcript discloses the court improperly used this fact indicating premeditation to impose both an upper term for the sodomy conviction (Cal. Rules of Court, rule 421(a)(8))[4] and a consecutive sentence for the rape conviction (rule 425(b)). Accordingly, we remand for resentencing. (Rule 441(c); *People* v. *Collins* (1983) 143 Cal.App.3d 742, 747 [192 Cal.Rptr. 101].)

### B

For guidance of the court at resentencing we discuss the scope of the court's sentencing discretion under sections 667.6, subdivision (c) and 1170.1, subdivision (a).[5]

---

[3]Section 954 in pertinent part provides: "An acquittal of one or more counts shall not be deemed an acquittal of any other count."

[4]All rule references are to the California Rules of Court.

[5]Section 667.6, subdivision (c) provides "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of *Section 261, Section 264.1, subdivision (b) of Section 288, Section 289,* or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm whether or not the crimes were committed during a single transaction. If such term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term or imprisonment, and shall commence from the time such person would otherwise have been released from imprisonment. Such term shall not be included in any determination pursuant to Section 1170.1. Any other term

In sentencing Walker the court said it was statutorily prohibited from following the probation officer's recommendation to impose consecutive sentences of one-third the midterm for Walker's convictions of sodomy and oral copulation. Apparently both the court and defense counsel believed section 667.6, subdivision (c) required full consecutive sentences on each such sex offense.

Although the court did not say why it believed it could not follow the probation report, the broad brush of *Ottombrino* (*People v. Ottombrino* (1982) 127 Cal.App.3d 574 [179 Cal.Rptr. 676]) decided a week earlier probably governed its reasoning. Here, relying solely on *Ottombrino,* the People argue "*Ottombrino* . . . held, Penal Code section 667.6 terms 'are independent and separate to terms computed pursuant to sections 1170 and 1170.1.' (*Id.,* at p. 586.) This Court further held the principal and subordinate term scheme provided in Penal Code section 1170.1 has no application to consecutive terms for forcible sex offenses under Penal Code section 667.6 and 'if there are any other terms of imprisonment, they shall be served separately from the term computed under these subdivisions of section 667.6.' (*People v. Ottombrino, supra,* 127 Cal.App.3d at pp. 586-587.)"

As precedent, however, *Ottombrino* must be limited to its holding that section 654 does not operate to stay a section 12022.3 enhancement *where the court chooses to sentence under section 667.6 and impose a full upper term for a violent sex offense.* We emphasize the latter part of the foregoing sentence because *Ottombrino* involved both violent sex offenses *and* nonsex offenses and the trial court wished to impose full force terms for the crimes in each category. *Ottombrino* explained once a court "excluded [a section 667.6, subdivision (c) offense from consideration under section 1170.1, subdivision (a)], it cannot be used for principal and subordinate term determination [under section 1170.1]." (*Id.,* at p. 586.) In other words, the starting point in *Ottombrino* was the court's decision to impose full force consecu-

---

imposed subsequent to such term shall not be merged therein but shall commence at the time such person would otherwise have been released from prison."

Section 1170.1, subdivision (a) in pertinent part provides: ". . . when any person is convicted of two or more felonies . . . and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1. . . . The subordinate term for each consecutive offense which is a 'violent felony' as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 12022, 12022.5 or 12022.7."

tive terms for the violent sex offenses in addition to a full force consecutive term for the nonsex offense of attempted murder.

In the case before us, the starting point must again be the court's view of what is appropriate for the offender in light of the crimes committed. To the extent allowed by statute, a court should have the power to impose a sentence to fit the crime and the perpetrator based on the particular facts and circumstances of the case. (*People* v. *Williams* (1981) 30 Cal.3d 470, 489 [179 Cal.Rptr. 443, 637 P.2d 1029].) Section 667.6, subdivision (c) gives the sentencing court just that opportunity, permitting it to choose between sentencing under either that subdivision or section 1170.1, subdivision (a). The unambiguous "in lieu of" preface to section 667.6, subdivision (c) directs the sentencing court to the separate sentencing tracks it can select depending upon the severity of the sentence the court wishes to impose.[6] By comparison, the Legislature in enacting section 667.6, subdivision (d) decided certain other violent sex offenders should be treated more severely and mandated the imposition of full consecutive terms for sex offenses under the subdivision.[7] Our conclusion has been accepted without discussion in what can be called "reasons" rather than "sentencing discretion" cases. In discussing whether a statement of reasons must be given (§ 1170, subd. (c); rule 443) for sentencing under section 667.6, subdivision (c) both *People* v. *Karsai* (1982) 131 Cal.App.3d 224 [182 Cal.Rptr. 406] and *People* v. *Wilson* (1982) 135 Cal.App.3d 343 [185 Cal.Rptr. 498] assume the existence of trial court discretion to sentence the section 667.6, subdivision (c) sex offender under section 1170.1, subdivision (a). There is no statutory, precedential[8] or policy reason to dilute the authorized power of the sentencing court here. If upon remand the court wishes to follow the probation officer's recommendation it may do so.

---

[6]We wish to stress our conclusion is not contradictory to the holding in *People* v. *Ottombrino, supra,* 127 Cal.App.3d 574. Cases must be analyzed in the context of specific facts. Although *Ottombrino* dictum that ". . . the 'in lieu of' language of section 667.6, subdivision (c), directs the sentencing court away from the principal and subordinate scheme with forcible sex crimes rather than presenting an alternate sentencing pattern" (*id.,* at p. 588) appears to be contrary to the present case, those words must be understood as applying only where the court has made the threshold decision to impose full force consecutive sentences under section 667.6, subdivision (c). *Ottombrino* does not present a case where the court was uncertain as to the scope of its sentencing discretion.

[7]In the context of this case, it is unnecessary to address the question whether a section 667.6, subdivision (d) offense may be selected as a principal term under section 1170.1, subdivision (a).

[8]Related issues are pending before the Supreme Court in *People* v. *Champion* (Crim. 23211, hg. granted July 20, 1983)*, *People* v. *Spencer* (Crim. 22866, hg. granted Nov. 24, 1982)* and *People* v. *Belmontes* (Crim. 22812, hg. granted Oct. 13, 1982)†.

*Reporter's Note: Cause retransferred by the Supreme Court to the Court of Appeal October 20, 1983, for discussion in light of *People* v. *Belmontes* (1983) 34 Cal.3d 335 [193 Cal.Rptr. 882, 667 P.2d 686]. The subsequent opinion was not certified for publication.

†Reporter's Note: For Supreme Court opinion, see 34 Cal.3d 335.

C

The court also violated section 654 in imposing a concurrent two-year term for the false imprisonment conviction. (See *People* v. *Ratcliffe* (1981) 124 Cal.App.3d 808, 815, 819 [177 Cal.Rptr. 627].) If the court again imposes a prison sentence on the sex offenses it must stay the sentence on the false imprisonment conviction, the stay to become permanent upon the completion of the other unstayed terms. (*In re Adams* (1975) 14 Cal.3d 629, 636-637 [122 Cal.Rptr. 73, 536 P.2d 473].)

V

Judgment of conviction affirmed; remanded for resentencing.

Brown (Gerald), P. J., and Butler, J., concurred.

A petition for a rehearing was denied September 1, 1983.