[Crim. No. 13838. Fourth Dist., Div. One. July 2, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT EMMETT BLEVINS, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Certified for publication with the exception of parts I and II.

## COUNSEL

Jonathan Jordan and Handy Horiye, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Patricia D. Benke and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WIENER, J.**—Robert Emmett Blevins appeals the judgment entered on jury verdicts convicting him of committing lewd acts by force on a child under 14 years of age (count 1—Pen. Code, § 288, subd. (b));[2] of oral copulation by force and violence (count 2—§ 288a, subd. (c)); of oral copulation on a child under 14 years of age and more than 10 years younger than himself (count 3—§ 288a, subd. (c)); and of rape by force and fear (count 4—§ 261, subd. (2)). The jury also found Blevins was armed with (§ 12022.3, subd. (b)) and personally used a knife (§ 12022.3, subd. (a)) in committing each offense. Before trial Blevins admitted a prior conviction (former § 261, subd. 3) within the meaning of section 667.6, subdivision (a).

The court imposed a prison sentence of thirty-seven years: an aggravated seven-year term on count 1; a consecutive eight-year upper term on count 2; a consecutive eight-year upper term on count 4; three separate and consecutive three-year knife use enhancements on counts 1, 2 and 4 (for a total of nine years); and a five-year enhancement for the prior conviction. The court also imposed a concurrent eight-year upper term on count 3. The abstract of judgment appears to include a concurrent three-year knife use enhancement on count 3, but the court made no mention of such a term when pronouncing sentence.

For the reasons set forth below, we (1) affirm Blevins' convictions on counts 1 and 2 and the related findings of being armed with and using a knife; (2) vacate the judgment of conviction and the sentence imposed on count 3 and the related findings of being armed with and using a knife; and

---

[2] All statutory references are to the Penal Code.

(3) reverse the conviction of rape on count 4 and the related findings of being armed with and using a knife. Pursuant to *People* v. *Belmontes* (1983) 34 Cal.3d 335, 347-349 [193 Cal.Rptr. 882, 667 P.2d 686], we conclude the case must be remanded for resentencing on counts 1 and 2 and related enhancements.

*Facts*

On September 14, 1981, Blevins enticed Amanda G. away from a group of children who were fishing at a pond. Out of sight of the other children Blevins put his hand over Amanda's mouth and took her into the woods. He stuck a rag in her mouth, set her on the ground, took off her clothes and displayed a knife telling her if she tried to get away he would cut her. After kissing Amanda's breasts and face Blevins tried to rape her. Amanda felt pressure and pain. Blevins used Vaseline to assist his penetration. Although she felt considerable pain, Amanda was unable to say whether Blevins penetrated her. Blevins then forced her to orally copulate him. After she got dressed Blevins and Amanda walked back toward the pond to rejoin the other children.

Amanda told the children Blevins had raped and threatened her. Blevins ran back into the bushes. Later, when Amanda's mother arrived and was told of the events, she called the police. City of Escondido Police Officer Jones found Blevins underneath the roots of a tree. Jones handcuffed Blevins and told him he was under arrest for what he had done to the girl. Blevins made no statements but looked at Jones and then looked down at the ground. Two knives were taken from Blevins' pockets. Although Blevins had been drinking he did not appear to be drunk.

Another officer went with Amanda to the scene of the offenses where she pointed out a jar of Vaseline and a cloth. A physical examination of Amanda revealed two small breaks in her back that appeared fresh. Two abrasions were found near her vaginal area consistent with her statements. A vaginal swab was not positive but did indicate the presence of semen.

*Discussion*

I*

. . . . . . . . . . . . . . . . . . . . . . . .

*See footnote 1, *ante,* page 64.

## III

### A

In urging sentencing error Blevins directs us to counts 2 and 3, arguing section 654 protects him from being convicted and sentenced under both counts for a single act of oral copulation.

At trial the prosecutor described counts 2 and 3 as "the same crime." The Attorney General concedes on appeal the two counts were based on a single act of oral copulation. Although not reflected in the amended information, the People brought counts 2 and 3 as alternative charges. (See § 954.)

Section 654 bars multiple convictions and sentences based on a single act against a single victim. (See *Neal* v. *State of California* (1960) 55 Cal.2d 11, 18-19 [9 Cal.Rptr. 607, 357 P.2d 839], cert. den., 365 U.S. 823 [5 L.Ed.2d 700, 81 S.Ct. 708]; *People* v. *Brown* (1958) 49 Cal.2d 577, 590-593 [320 P.2d 5]; *People* v. *Cline* (1969) 2 Cal.App.3d 989, 992-997 [83 Cal.Rptr. 246].) The remedy for this error is to set aside the conviction and sentence (including related enhancements) for the less severely punishable offense. (See *People* v. *Cline, supra,* 2 Cal.App.3d at p. 997.) Counts 2 and 3 carry the same potential punishment. (See § 288a, subd. (c).) As between those two counts, however, only Blevins' count 2 offense can trigger the repeat offender enhancements and consecutive sentence treatment provided by section 667.6. (See § 667.6, subds. (a)-(d).) Count 2 therefore is the more serious offense. (Cf. *People* v. *Cline, supra,* 2 Cal.App.3d at p. 997.) We accordingly vacate the judgment of conviction and the sentence imposed on count 3 and the related findings of being armed with and using a knife. Following the court's imposition of sentence on remand the judgment shall be modified accordingly.

### B

Blevins also attacks the court's imposition of a three-year knife use enhancement on each of counts 1, 2 and 4. Our reversal of count 4 does not affect our analysis of the sentencing issue presented.

Although Blevins used the knife in connection with each of those counts (see *People* v. *Turner* (1983) 145 Cal.App.3d 658, 684-685 [193 Cal.Rptr. 614]), he argues his conduct constituted a single indivisible criminal transaction and thus only one enhancement may be imposed. (§ 654; *In re Culbreth* (1976) 17 Cal.3d 330, 333-335 [130 Cal.Rptr. 719, 551 P.2d 23].)

The legal predicate to Blevins' factual assertion his offenses comprised an indivisible course of conduct is his assumption that section 654 and *Culbreth*'s single-occasion rule limit the imposition of weapons enhancements under section 12022.3. The Attorney General challenges Blevins' assumption with the language of section 1170.1, subdivision (i): "(i) For any violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or sodomy or oral copulation by force, violence, duress, menace or threat of great bodily harm as provided in Section 286 or 288a, *the number of enhancements which may be imposed shall not be limited,* regardless of whether such enhancements are pursuant to this or some other section of law. Each of such enhancements shall be a full and separately served enhancement and shall not be merged with any term or with any other enhancement." (Italics added.)

Blevins correctly points out section 1170.1, subdivision (i) does not expressly declare section 654 and *Culbreth* inapplicable to section 12022.3 enhancements. He also relies on legislative history for the proposition that subdivision (i) was meant to have a selective effect, eliminating the enhancement limitations contained in section 1170.1, subdivisions (a), (e) and (g) while preserving the limitations contained in section 654 and *Culbreth*. In the event we do not construe subdivision (i) as affirmatively preserving the limitations of section 654 and *Culbreth,* Blevins argues the subdivision is sufficiently ambiguous as to require us to interpret it in his favor. (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186]; *People* v. *Collins* (1983) 143 Cal.App.3d 742, 745 [192 Cal.Rptr. 101].)

 Although Blevins' arguments are logical and initially attractive, existing judicial interpretations of section 1170.1, subdivision (i) plus the express language of section 12022.3 persuade us that section 654 and *Culbreth*'s single-occasion rule do *not* limit the imposition of weapons enhancements under section 12022.3.

*People* v. *Edwards* (1981) 117 Cal.App.3d 436 [172 Cal.Rptr. 652] held *Culbreth*'s single-occasion rule limits the imposition of firearm use enhancements under section 12022.5 when sentence is imposed under the determinate sentence law (DSL). (*Id.,* at pp. 447-448.) In *People* v. *Cardenas* (1982) 31 Cal.3d 897 [184 Cal.Rptr. 165, 647 P.2d 569] our Supreme Court relied on *Edwards* to hold *Culbreth* limits the imposition of section 12022.5 enhancements on determinate sentences for attempted murder and attempted robbery. (*Id.,* at pp. 913-914; see also *id.,* at p. 918.) In so holding, *Cardenas* described *Edwards'* analysis as "directly on point." (*Id.,* at p. 913.) *Edwards'* analysis is straightforward and persuasive: "By adding subdivi-

sion (h)[3] to Penal Code section 1170.1, it is clear that the Legislature intended that in regards to the specific offenses listed in subdivision (h), the number of enhancements which could be imposed could not be limited. This appears to be the only area in the DSL whereby the Legislature expressly determined or by necessary implication abrogated the single-occasion rule set forth in *Culbreth*.

"By applying the familiar maxim *expressio unius est exclusio alterius* we find that the legislative intent, with the exception of Penal Code section 1170.1, subdivision (h), was to leave unaltered the applicability of *Culbreth* to other offenses where additional punishment is proscribed for such offenses in which a firearm is used.

"Here, the DSL is silent on the *Culbreth* case, with the one exception just mentioned. Hence to say that *Culbreth* is no longer valid would be to rely too heavily on the silence of the Legislature. Likewise, to say that *Culbreth* no longer applies because of its apparent exclusion under Penal Code section 1170.1, subdivision (h), would ignore the maxim of statutory construction that when a statute expresses certain exceptions to a general rule, other exceptions are necessarily excluded. [Citation.] Therefore, we find that *Culbreth* does apply to the sentencing issues in the instant case." (*People* v. *Edwards, supra,* 117 Cal.App.3d at p. 448.)

Thus, although neither *Edwards* nor *Cardenas* involved section 12022.3 enhancements, both cases relied on a statutory analysis based on an interpretation of section 1170.1, subdivision (i) as eliminating *Culbreth*'s applicability to any enhancements imposed on sentences for sex offenses enumerated in subdivision (i). The court in *People* v. *Bergman* (1984) 154 Cal.App.3d 30 [201 Cal.Rptr. 54] recently relied on that analysis to specifically hold "that in enacting subdivision (i), the Legislature created an exception to or exclusion from the single-occasion rule promulgated in *In re Culbreth, supra,* 17 Cal.3d 330." (*Id.,* at p. 35.) As the *Bergman* court explained: "Neither *Edwards* nor *Cardenas* is dispositive of the question whether subdivision (i) of section 1170.1, in fact, creates an exception to the *Culbreth* rule. Those decisions, nevertheless, do support an interpretation that subdivision (i), by necessary implication, permits adding a separate enhancement to the sentence imposed for each listed sex offense conviction even though the sex offenses were perpetrated one after the other upon the same victim." (*Id.,* at p. 37.) Blevins' offenses in counts 1, 2 and 4 "were perpetrated one after the other upon the same victim" (*ibid.*) and are in-

---

[3]When *Edwards* was decided section 1170.1, subdivision (i) was designated as subdivision (h). There is no substantive difference between the old and new versions of the subdivision. (See *People* v. *Price* (1984) 151 Cal.App.3d 803, 819, fn. 11 [199 Cal.Rptr. 99].)

cluded among the sex offenses enumerated in subdivision (i). Consequently, the lower court's imposition of a three-year knife use enhancement on each count was consistent with current judicial interpretations of subdivision (i). (Accord, *People* v. *Le* (1984) 154 Cal.App.3d 1, 12 [200 Cal.Rptr. 839] (multiple § 12022.3, subd. (b) enhancements properly imposed under § 1170.1, subd. (i).)

In addition to these precedents, the express language of section 12022.3 reflects a legislative intent to create a sex offense exception to the general rules of section 654 and *Culbreth*: "For *each* violation of Section 261, 264.1, 286, 288, 288a or 289, and in addition to the sentence provided, any person shall receive an enhancement (a) of three years if such person uses a firearm or any other deadly weapon in the commission of such violation or (b) of two years if such person is armed with a firearm or any other deadly weapon." (Italics added.)

We think section 12022.3's language is clear and unambiguous. Whether sentenced under section 1170.1, subdivision (a) or under section 667.6, subdivisions (c) or (d), any person who is armed with or uses a firearm or any other deadly weapon in committing an enumerated sex offense must receive an enhancement for *each* and *every* such offense. The Legislature's considered reference to "each violation" of the enumerated statutes reflects its intent that section 654 and *Culbreth* should not limit the imposition of weapons enhancements under section 12022.3.[4] Although unquestionably severe, section 12022.3's provision of unlimited weapons enhancements is consistent with the Penal Code's harsh treatment of certain sex offenders. (See § 667.6, subds. (a)-(d); *People* v. *Belmontes, supra,* 34 Cal.3d at pp. 344, 348-349; *People* v. *Walker* (1983) 146 Cal.App.3d 34, 40 [193 Cal.Rptr. 834].)

## C

■ Blevins argues section 654 precludes punishment for his lewd conduct in count 1 in addition to punishment for both the oral copulation in count 2 and the rape in count 4.

Blevins' lewd conduct consisted of kissing Amanda on the face and breasts after he took off her clothes but before he committed his other offenses. These facts are akin to those in *People* v. *Slobodion* (1948) 31 Cal.2d 555 [191 P.2d 1] and unlike those in *People* v. *Greer* (1947) 30

---

[4]We do not consider whether a trial court has the authority to stay section 12022.3 enhancements under the general provisions of section 1385. (See *People* v. *Price, supra,* 151 Cal.App.3d at pp. 809, 818-820; but cf. *People* v. *Calhoun* (1983) 141 Cal.App.3d 117, 122-125 [190 Cal.Rptr. 115].)

Cal.2d 589 [184 P.2d 512]. The Supreme Court held Slobodion was properly convicted and sentenced both for lewd and lascivious conduct and for sex perversion. Slobodion's lewd and lascivious conduct consisted of "placing his 'hands and private parts upon the bare body and private parts'" of the victim, and his sex perversion consisted of his orally copulating the victim. (31 Cal.2d at p. 557.) Double punishment was proper because Slobodion's offenses were based on separate acts which violated different sections of the Penal Code. (*Id.*, at pp. 561-563.) By contrast, the Supreme Court held Greer could not be convicted and sentenced both for lewd and lascivious conduct and for rape where the lewd and lascivious conduct consisted of forcibly removing the victim's underwear immediately before raping her. Such conduct was not a separate act and thus could not support a separate conviction and sentence. (30 Cal.2d at pp. 601-604.) Here, as in *Slobodion,* Blevins' lewd conduct was separate and distinct from his other offenses against Amanda. Unlike the case in *Greer,* Blevins' lewd conduct was not necessary for or incidental to the commission of his other offenses. (See *People* v. *Perez* (1979) 23 Cal.3d 545, 553-554 [153 Cal.Rptr. 40, 591 P.2d 63].) The court properly sentenced Blevins on count 1.

D

Blevins also challenges the court's reasons for the sentence it imposed. He contends the court's imposition of upper terms on counts 1, 2 and 4 and of consecutive sentences on counts 2 and 4 were both improper due to various dual uses of facts.

We do not resolve these "reasons" arguments because the case, in any event, must be remanded for resentencing on "sentencing discretion" grounds. (See *People* v. *Walker, supra,* 146 Cal.App.3d at p. 40.) ■ The lower court, as recommended by the probation report, sentenced Blevins under section 667.6, subdivision (c). At the sentencing hearing the court did not separately state reasons (1) for sentencing Blevins consecutively rather than concurrently, and (2) for imposing consecutive sentences under section 667.6, subdivision (c) rather than under section 1170.1, subdivision (a). This was error. (*People* v. *Belmontes, supra,* 34 Cal.3d at pp. 347-349.) Furthermore, the hearing transcript does not indicate the court was aware of the scope of its sentencing discretion, or that it would not have exercised its discretion to sentence Blevins under section 1170.1, subdivision (a) even if it had been aware it had discretion to do so. Consequently, the case must be remanded for resentencing on counts 1 and 2 and related enhancements. (See *People* v. *Belmontes, supra,* 34 Cal.3d at p. 348, fn. 8.)

## Disposition

The judgments of conviction on counts 1 and 2 and the related findings of being armed with and using a knife are affirmed. The judgment of conviction and the sentence imposed on count 3 and the related findings of being armed with and using a knife are vacated. The court is instructed to modify the judgment accordingly following the imposition of sentence on remand. The judgment of conviction on count 4 and the related findings of being armed with and using a knife are reversed. The case is remanded for resentencing on counts 1 and 2 and related enhancements.

Staniforth, Acting P. J., and Butler, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 29, 1984.